UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE WILLIAMS,

                Plaintiff,

  -v-

WELLNESS MEDICAL CARE, P.C., et al.,

                Defendants.

Case No. 11-CV-5566 (KMK)

OPINION AND ORDER

Appearances

Maurice Williams
Mount Vernon, NY
*Pro Se Plaintiff*

William G. Scher, Esq.
Garbarini & Scher, P.C.
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Plaintiff Maurice Williams, proceeding pro se, brings this action against Wellness Medical Care, P.C. ("WMC") and several of its officers (collectively, "Defendants"). The Court construes Plaintiff's claims to arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), for unequal terms of employment and unlawful termination. Presently before this Court is Defendants' Motion To Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons given below, Defendants' Motion is granted.

I. Background

A. Factual Background

Plaintiff's Complaint and accompanying documents can be read to allege the following facts.[1] From on or about May 4, 2009, through on or about June 9, 2009, Plaintiff participated in an unpaid internship (or externship) with Defendants. (Compl. ¶ 8. (Dkt. No. 2).)[2] He states that his internship was supposed to be for medical billing and coding, but he was instead trained as a "bookkeeper" by Ms. Teresa Smith, and as such he "did not get the proper training . . . in order . . . to work at [WMC]." (Letter from M. Williams to Court (Aug. 31, 2012) ("Aug. 31 Letter") (Dkt. No. 22).) Plaintiff also asserts that other interns, who did not have the same credentials, were ultimately hired at WMC and were paid more than he was. (*Id.*) He further states that at some time during this internship period, Defendant Christine Sapka ("Sapka") "signed off on [his] evaluation with all proficiency." (*Id.*)

Plaintiff claims that, following the internship, he worked for Defendants as a paid employee from June 9 through June 19, 2009, during which period he was "underpaid at a rate of __ dollars an hour."[3] (Comp. ¶ 8.) He also states that at the end of one of his weeks of paid employment, Defendants deducted fifty dollars from his salary for tax purposes. (Aug. 31

---

[1] Because Plaintiff is proceeding pro se, the Court is obligated to construe his pleadings liberally to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam). Moreover, because the pleadings of pro se defendants must be construed liberally, the Court may "consider factual allegations in the plaintiff's opposition papers to supplement the allegations in the complaint." *Salvatierra v. Connolly*, No. 09-CV-3722, 2010 WL 5480756 at *25 n.3 (S.D.N.Y. Sept. 1, 2010) (internal quotation marks omitted)), *adopted by* 2011 WL 9398 (S.D.N.Y. Jan. 3, 2011).

[2] Plaintiff appears to use "internship" and "externship" interchangeably. The Court will refer to this period of Plaintiff's training as his internship.

[3] The blank space is not a typo; rather, the hourly rate is left blank in the Complaint.

2

Letter.) Plaintiff states that he separately worked for Defendants for a single day as a marketing assistant, promoting Wellness by "Upper Echelon Management" at a Business Expo held on October 15, 2009. (Compl. ¶ 8.) Plaintiff claims that he was not paid for this day of work. (*Id.* ¶ 9; *see also* Aug. 31 Letter ("I also worked for [Defendants] during the Business Expo . . . and have not been paid for that day.").)

Although the precise sequence of events is not entirely clear, Plaintiff claims that, at some point, he "challenged" Defendants to "hire [him] at a salary." (Compl. ¶ 8.) But, Plaintiff claims, Defendants instead terminated several employees, including Plaintiff, in early 2009, "under the guise that the economy was worsening." (*Id.*) Plaintiff alleges that his termination came without warning, (*id.* ¶ 9), and he asserts that he "believe[s] that the discharge was a result of racial discrimination against Afro-American Males." (*Id.* ¶ 10.) At the time of his termination, Plaintiff had received his certification in Billing and Coding from Stanford Brown Academy. (*Id.* ¶ 9; *see also* August 31 Letter ("Dr. Christine Sapka signed off on my evaluation [as a medical biller] with all proficiency.").) Defendants include WMC itself as well as Sapka, the Chief Medical Officer and a member of "Upper Echelon Management" of WMC, and Marc Domecello ("Domecello"), Office Manager and Chief Administrative Officer of the non-medical functions of WMC, and a member of "Upper Echelon Management." (Comp. ¶¶ 3, 4.) According to Plaintiff, Sapka and Domecello had supervisory responsibilities over Plaintiff during his internship and employment. (*Id.* ¶ 6).

B. Procedural History

The Court held a premotion conference on December 6, 2012, at which the Court set a schedule for Defendants to file a Motion To Dismiss. (*See* Dkt. No. 6.) Defendants filed the instant Motion under Federal Rule of Civil Procedure 12(b)(6) in accordance with that schedule.

Plaintiff did not file a response to Defendants' Motion. However, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) (affirming a judgment granting an unopposed motion to dismiss); *see also Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010) (noting that a district court is "equipped to make a determination on the merits" when considering an unopposed motion to dismiss). The Court has therefore carefully considered the unanswered Motion and the attached Memorandum of Law, *see Johnson v. Agros*, No. 10-CV-8312, 2012 WL 3564028, at *2 (S.D.N.Y. Aug. 20, 2012) (considering the merits of an unopposed motion to dismiss), and grants Defendants' Motion for the reasons stated herein.

## II.  Discussion

### A.  Standard of Review

Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally and "interpret them to raise the strongest arguments that they suggest." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.,* 640 F. Supp. 2d 345, 347 (S.D.N.Y. 2009) (internal quotation marks omitted); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). This admonition "applies with particular force when a plaintiff's civil rights are at issue." *Maisonet*, 640 F. Supp. 2d at 348; *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). But the liberal treatment afforded to pro se litigants does not exempt a pro se party "from compliance with relevant rules of procedural and substantive law." *Maisonet*, 640 F. Supp. 2d at 348 (internal quotation marks omitted).

In considering Defendants' Motions To Dismiss, the Court is required to construe the factual allegations contained in the Complaint as true. *See Ruotolo v. City of New York*, 514

F.3d 184, 188 (2d Cir. 2008) ("We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (internal quotation marks omitted)); *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008) (same). Moreover, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). Because Plaintiff is proceeding pro se, the Court may also consider the information contained in Plaintiff's letters to the Court. *See Salvatierra v. Connolly*, No. 09-CV-3722, 2010 WL 5480756, at *25 n.3 (S.D.N.Y. Sept. 1, 2010); *see also Frith v. Hill*, No. 07-CV-5899, 2009 WL 3073716, at *19 n.1 (S.D.N.Y. Sept. 23, 2009).

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (third alteration in original) (citations omitted). Instead, the Court has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563. Plaintiffs must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. But if a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Aschroft v. Iqbal*, 556 U.S. 662,

5

679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

As noted, the Court construes the Complaint to assert discrimination claims under Title VII.[4] To make out such a claim, Plaintiff must ultimately make out a so-called prima facie case of discrimination—i.e., he must show that "he (1) is a member of a protected class; (2) was performing his duties satisfactorily; (3) was discharged; and that (4) his discharge occurred under circumstances giving rise to an inference of discrimination on the basis of his membership in the protected class." *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000); *Risco v. McHugh*, 868 F. Supp. 2d 75, 98-99 (S.D.N.Y. 2012) ("[I]n order to state a *prima facie* case for discrimination, a plaintiff must proffer some admissible evidence of circumstances that would be sufficient to permit an inference of discriminatory motive, and cannot meet its burden through reliance on unsupported assertions." (internal quotation marks omitted)). To survive a motion to dismiss, however, a plaintiff need not allege facts in the complaint sufficient to establish a prima facie case. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("In employment discrimination cases, a plaintiff is not required to establish a *prima facie* case at the

---

[4] The Court notes that Plaintiff's Complaint also makes reference to the Fair Labor Standards Act ("FLSA") and to contract law. (*See* Compl. ¶¶ 5–6, 8, 10–12.) However, Plaintiff has tendered no allegations to support any FLSA claim and offers no details about any employment contract. There also is a passing reference to age discrimination, but this is unaccompanied by *any* supporting allegations about Plaintiff's age or the basis to assert an age discrimination claim. (*See* Compl. ¶ 12.)

6

pleadings stage."); *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) ("Reconciling *Swierkiewicz, Twombly,* and *Iqbal,* a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis of the claim." (internal quotation marks omitted)). "Instead, the complaint [must] contain only enough facts to state a plausible claim that also gives fair notice to the defendant of the basis for each claim," *Bakeer v. Nippon Cargo Airlines, Co., Ltd.*, Nos. 09-CV-3374, 09-CV-3375, 09-CV-3377, 09-CV-3378, 2011 WL 3625103, at *22 (E.D.N.Y. July 25, 2011), *adopted by* 2011 WL 3625083 (S.D.N.Y. Aug. 12, 2011), but a court may "consider the elements of a prima facie case in determining whether there is sufficient factual matter in the Complaint" to give such notice to defendants, *Doner-Hendrick v. N.Y. Inst. of Tech.*, No. 11-CV-121, 2011 WL 2652460, at *8 (S.D.N.Y. July 6, 2011).

B. Analysis

Plaintiff's Complaint and other submissions to the Court can be construed to raise Title VII claims for unequal terms of employment and unlawful termination—both based on Plaintiff's race. Defendants argue that the Complaint is not timely, and that Plaintiff has failed to plead sufficient facts. The Court considers these arguments in turn.

1. Timeliness

Under Title VII, a claimant must file a timely charge with the Equal Employment Opportunity Commission ("the EEOC") and "obtain a right-to-sue letter" before filing suit in federal court. *See Legnani v. Altialia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir. 2001). The EEOC complaint must be filed within 180 days of the occurrence of the alleged discriminatory conduct. *See* 42 U.S.C. 2000e-5(e)(1); *see also Khadaroo v. N.Y. Presbyterian*

*Hosp.*, No. 10-CV-1237, 2012 WL 893180, at *3 (S.D.N.Y. Mar. 15, 2012) ("When a plaintiff elects to file his [or her] complaint with the EEOC, he [or she] has 180 days to do so from the date of the alleged discrimination."). This deadline functions as a "statute of limitations and a failure to timely file a charge acts as a bar to a plaintiff's action." *Kubicek v. Westchester County*, No. 08-CV-0372, 2009 WL3720155 at *4 (S.D.N.Y. Oct. 8, 2009) (internal quotation marks omitted); *see also Zipes v. Trans World Airlines, Inc.*, 45 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). The complainant must allow the EEOC 180 days from filing of the charge to investigate before the complainant can bring a private Title VII action. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Milne v. Navigant Consulting*, No. 08-CV-8964, 2009 WL 4437412 at *13 (S.D.N.Y. Nov. 30, 2009) ("Under Title VII, a complainant is entitled to a Right to Sue letter after 180 days have passed if the EEOC has failed to enter a conciliation agreement."). For race-based discrimination claims, claimants have ninety days from receipt of the right to sue letter to file suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). To evaluate whether a suit is filed on time, "a court may assume a right to sue letter was mailed on the date shown on the document," and was received three days thereafter. *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d. 210, 215 (S.D.N.Y. 2010). This ninety-day filing requirement also functions as a statute of limitations. *See id.* at 216 ("While the ninety-day filing requirement is akin to a statute of limitations . . . it is subject to the doctrine of equitable tolling."); *see also Vollinger v. Merrill Lynch & Co., Inc.,* 198 F. Supp. 2d. 433, 440 (S.D.N.Y. 2000) ("The court realizes that the ninety-day filing requirement is akin to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling.").

Here, the EEOC right to sue letter was issued on May 4, 2011, (*See* Not. of Motion, Ex. 2 (Notice of Right to Sue)), and the Court accordingly presumes that Plaintiff received it on May 7, 2011. Plaintiff filed the Complaint with this Court on July 20, 2011—seventy-four days after receipt. In other words, Plaintiff's filing satisfied the ninety-day filing requirement for filing a federal suit. Defendants' Motion does not specify where the alleged timeliness problem occurs. Perhaps Defendants read the EEOC right to sue letter as dismissing Plaintiff's EEOC charge as untimely. But the right to sue letter actually demonstrates merely that Plaintiff waited the requisite 180-day period, that the EEOC terminated the charge, and that Plaintiff was therefore entitled to file a this action.[5]

In short, because there is nothing demonstrating that either the EEOC charge or the Complaint was filed in an untimely manner, Defendants' Motion To Dismiss the Complaint as untimely is denied.

### 2. Sufficiency of the Allegations

As noted, to establish a prima facie case of racial discrimination under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) that action occurred under circumstances giving rise to an inference of discriminatory intent." *Maisonet,* 640 F. Supp. 2d at 348. In evaluating Defendants' Motion To Dismiss, the Court must, considering these factors, determine whether Plaintiff has offered "enough facts to state a plausible claim that also gives fair notice to the defendant of the basis for each claim." *Bakeer*, 2011 WL 3625103, at *22. A

---

[5] It is true that the letter contains no explanation as to why the EEOC terminated Plaintiff's charge. But that omission cannot be a basis for finding the charge untimely. And the record is otherwise devoid of information as to when Plaintiff originally filed the charge with the EEOC.

plaintiff can "raise a plausible inference of discrimination by alleging 'preferential treatment given to similarly situated individuals'" as long as those individuals are "'similarly situated in all material respects.'" *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 407 (S.D.N.Y. 2012) (quoting *Sank v. City Univ. of N.Y.*, No. 10-CV-4975, 2011 WL 5120668, at *11 (S.D.N.Y. Oct. 28, 2011)); *see also Perry v. State of N.Y. Dep't of Labor*, No. 08-CV-4610, 2009 WL 2575713, at *2 (S.D.N.Y. Aug. 20, 2009) ("Allegations supporting motive may include preferential treatment given to similarly situated individuals or remarks that convey discriminatory animus. In the absence of such allegations, dismissal at the pleading stage is warranted." (citation omitted)), *aff'd*, 398 F. App'x 628 (2d Cir. 2010). But a plaintiff must offer specific factual allegations to survive a motion to dismiss attack; conclusory or speculative allegations do not suffice. *See Gertskis v. U.S. EEOC*, No. 11-CV-5830, 2013 WL 1148924, at *8 (S.D.N.Y. Mar. 20, 2013) (collecting authority for the proposition that plaintiff's Title VII claims failed, because they were "conclusory and devoid of factual content creating a plausible inference of any discriminatory conduct"); *Anderson*, 850 F. Supp. 2d at 412 (dismissing Title VII claim supported by "nothing more than speculation"); *Dean v. Westchester Cnty. Dist. Attorney's Office*, 119 F. Supp. 2d 424, 430 (S.D.N.Y. 2000) (dismissing Title VII claim where plaintiff made only "general, conclusory allegations" that "fail[ed] to create an inference of discrimination").

Plaintiff asserts two types of adverse action: that he was terminated, and that he was underpaid relative to his peers before his termination. (Compl. ¶ 8.) Plaintiff's statement that "the discharge was a result of racial discrimination against Afro-American Males," effectively yields that Plaintiff is an African-American man, and therefore a member of a protected class. (Comp. ¶10.) Construed liberally, the Complaint also satisfies that Plaintiff was "qualified for

the position," from which he was terminated, insofar as he had "completed a prerequisite training program to become a Medical Biller," and was "certified as in Billing and Coding from Stanford Brown Academy." (Comp. ¶ 9.) And Plaintiff alleges—which allegation the Court must accept as true—that he was terminated from employment. But beyond these showings, Plaintiff's Complaint offers, at best, only conclusory and speculative allegations regarding Defendants' motive; it therefore lacks sufficient facts to establish a plausible claim under Title VII.

Indeed, Plaintiff offers *no* facts and cites *no* incidents that would support an inference of discrimination. Plaintiff claims that he was getting paid less than less qualified interns in his position, but he offers no allegations as to the identity of these other interns, their race, their credentials, or their compensation. (*See* August 31 Letter.) Plaintiff also asserts that several other individuals were terminated—similarly, without any description of their positions, their race, their credentials, or their compensation. (*See* Compl. ¶ 8.) Because of these omissions, the Court cannot determine whether these other employees and interns were similarly situated, such that discrimination could be inferred.

The Complaint is otherwise devoid of relevant facts. Plaintiff does not offer *any* allegations regarding his compensation and position relative to his co-workers' compensation and positions. Nor is there any indication of how many hours Plaintiff worked during the period of paid employment compared to the "other interns." Instead, Plaintiff relies on only his *belief* that Defendants were motivated by racial animus. But without sufficient facts, even the most sincerely held beliefs do not comprise a sufficient basis for withstanding a 12(b)(6) attack. *See Gertskis*, 2013 WL 1148924, at *8 (dismissing Title VII claim that was "conclusory and devoid of factual content creating a plausible inference of any discriminatory conduct"); *Anderson*, 850

F. Supp. 2d at 412 (dismissing Title VII claim supported by "nothing more than speculation"); *Dean*, 119 F. Supp. 2d at 430 (dismissing Title VII claim where plaintiff made only "general, conclusory allegations" that "fail[ed] to create an inference of discrimination").[6]

However, Plaintiff is granted leave to amend the Complaint to address these deficiencies. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[I]t will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8."); *Owens v. N.Y.C. Dep't of Sanitation*, No. 11-CV-8297, 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013) (noting that, in general, "a court should grant leave to amend [to a pro se litigant] at least once before dismissing [a complaint] with prejudice"); *Ogunbayo v. Montego Med. Consulting*, Nos. 11-CV-4047, 12-CV-0428, 2012 WL 6625921, at *7 (E.D.N.Y. Dec. 19, 2012) (adopting magistrate judge's recommendation that "[p]laintiff, proceeding pro se, should be afforded an opportunity to amend the [dismissed] [c]omplaint"). But if Plaintiff intends to file an Amended Complaint, he must do so by Monday, October 28, 2013.

Moreover, because Plaintiff failed to respond to Defendants Motion To Dismiss according to the Court's schedule, the Court also reminds Plaintiff that it possesses the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id*. Although Rule 41(b) expressly

---

[6] To the extent that Plaintiff's Complaint can also be alleged to state claims under state law, the Court declines to exercise supplemental jurisdiction, given the dismissal of Plaintiff's Title VII claim. *See N.Y. Mercantile Exchange, Inc. v. Intercontinentalexchange, Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) ("We find that the district court acted well within the bounds of its discretion. In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks omitted)).

addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "'harsh remedy to be utilized only in extreme conditions,'" *see LeSane*, 239 F.3d at 209 (quoting *Theilman v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cnty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at * 4 (S.D.N.Y. Jan. 22, 2008). Plaintiff's failure timely to file an Amended Complaint may result in dismissal with prejudice pursuant to Federal Rule 41(b).

### III. Conclusion

For the reasons stated herein, Defendants' Motion To Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice. Plaintiff has until October 28, 2013, to file an amended complaint. The Clerk of Court is respectfully directed to terminate the pending motion. (Dkt. No. 32.)

SO ORDERED.

Dated: September 27, 2013
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE